# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BRIGITTE HANCHARICK, <br> ILSE PAYNE and, <br> ROBERT PAYNE <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF REHOBOTH BEACH, <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

# COMPLAINT

# INTRODUCTION

1. Plaintiffs Brigitte Hancharick ("Ms. Hancharick"), Ilse Payne ("Ms. Payne") and Robert Payne ("Mr. Payne") bring this civil rights action against the City of Rehoboth Beach ("City") because, in violation of Title II of the Americans with Disabilities Act (the "ADA"), it denies them the accessible parking they need to have reasonable access to the shops and restaurants on Rehoboth Avenue.

2. Numerous shops and restaurants are located on Rehoboth Avenue between the Rehoboth Boardwalk and the Traffic Circle at Columbus Avenue and Grove Street, as are access to the City's beach and boardwalk. Individuals with disabilities, like Ms. Hancharick, Ms. Payne, and Mr. Payne, need sufficient, appropriately located accessible parking spaces that comply with the ADA to safely park and enjoy City's commercial establishments and the beach.

3. City does not provide sufficient accessible public street parking on Rehoboth Avenue and the blocks abutting it, and thereby harms Plaintiffs and other people with disabilities by denying and excluding them from a public service in violation of Title II of the Americans with Disabilities Act (the "ADA").

4. There are approximately 952 parking spaces on perimeter of the twelve blocks abutting Rehoboth Avenue between the Rehoboth Boardwalk and the Traffic Circle at Columbus Avenue and Grove Street. The ADA requires that 41 of those parking spaces be spaces that are at least 96 inches wide, identified by a sign 60" above the surface displaying the International Symbol of Accessibility, located where the street has the least crown and grade, close to key destinations, and where the sidewalk is at the same level as the roadway surface, unless there is an adjacent curb cut that is three feet wide ("Accessible Parking Spaces").

5. Only 19 of the 952 parking spaces are Accessible Parking Spaces.

6. The ADA requires a sufficient number of Accessible Parking Spaces on each block between the Boardwalk and the Traffic Circle. One of these 12 blocks meet the requirements. Seven have no Accessible Parking Spaces at all.

7. The ADA further requires that the Accessible Parking Spaces include Van Accessible Parking Spaces, i.e., spaces that are at least 96 inches wide, have an access aisle of at least 60 inches, have a vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, identified by a sign 60" above the surface displaying the International Symbol of Accessibility and the phrase "Van Accessible", located where the street has the least crown and grade, close to key destinations, and where the sidewalk is at the same level as the roadway surface, unless there is an adjacent curb cut that is three feet wide ("Van Accessible

Parling Spaces"), such that there is a least one Van Accessible Parking Space for every six Accessible Parking Spaces.

8. The City has control over public street parking in the commercial areas in the City, including on and around Rehoboth Avenue. The ADA requires it to ensure that its programs, including public parking, are readily accessible to and useable by persons with disabilities. City's failure to provide sufficient accessible parking for individuals with disabilities discriminates against them and denies them equal access to the shops and restaurants on and around Rehoboth Avenue in violation of Title II of the ADA .

## JURISDICTION

9. This action for declaratory and injunctive relief arises under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

10. Venue is proper in the District of Delaware pursuant to 28 U.S.C. § 1391(b) because the City operates and performs its official duties therein and thus resides there for purposes of venue, and because the events and omissions giving rise to the claims occurred in in the District of Delaware.

## PARTIES

11. Plaintiff Brigitte Hancharick is 33 years old. Plaintiff lives with her parents. Her primary mode of transportation is a van equipped with a ramp owned by her parents.

12. Plaintiff Ilse Payne is 87 years old. Plaintiff Robert Payne is 89 years old. They are husband and wife. They use a car as their primary form of transportation.

13. Plaintiffs Mr. Payne and Ms. Payne have physical impairments that substantially impede their ability to walk.

14. Ms. Hancharick and Ms. Payne both must use a wheelchair when traveling outside of their homes.

15. Defendant City is, and at all times relevant to this action has been, a municipality organized under the laws of the State of Delaware.

16. At all times relevant, the City is and has been a public entity within the meaning of Title II of the ADA.

## FACTS

17. Ms. Hancharick lives in Delaware. Because of family living in the area, Ms. Hancharick visits the City of Rehoboth approximately one or two times each month.

18. Ms. Hancharick relies on her parents for transportation. Ms. Hancharick and her parents experience substantial difficulty locating accessible parking on Rehoboth Avenue.

19. The lack of sufficient accessible public parking for individuals with disabilities causes Ms. Hancharick and her family great difficulty, discomfort, and fear for her safety when parking in the City. Ms. Hancharick uses a ramp to exit her family's van and does not have enough space in standard parking spaces to safely use the ramp. Parking in a standard space exposes the ramp and Ms. Hancharick to traffic while she is exiting the vehicle. Because of this, Ms. Hancharick does not visit the shops and restaurants located on Rehoboth Avenue as frequently as she would if more accessible parking spaces were available.

20. Ms. Payne and Mr. Payne live in a town neighboring the City.

21. In the past, Ms. Payne and Mr. Payne frequently visited the beach, boardwalk, shops, and restaurants located on Rehoboth Avenue. Because of the insufficient availability of accessible parking spaces and Ms. Payne's need to use a wheelchair, they no longer do so.

22. During attempts to access the shops and restaurants located on Rehoboth Avenue, Ms. Payne and Mr. Payne experienced difficulty finding accessible parking spots. Because Ms. Payne uses a wheelchair, Ms. Payne and Mr. Payne need access to accessible parking spaces.

23. Ms. Payne and Mr. Payne experienced difficulty, discomfort, and fear while trying to find accessible parking. Because there are only 19 accessible parking spaces and they are not sufficiently located on the blocks along Rehoboth Avenue, Ms. Payne and Mr. Payne spend an excessive amount of time searching for a safe space to park and have become so frustrated that they do not attempt to visit the City as frequently as they did in the past.

24. All of the 952 parking spaces on Rehoboth Avenue the abutting between the Rehoboth Boardwalk and the traffic circle at the intersection of Rehoboth Avenue, Columbia Avenue, and Grove Street are controlled by the City.

25. The 19 Accessible Parking Spaces are located as follows:

    a. Twelve are on Rehoboth Avenue between the Rehoboth Boardwalk and 2nd Street, with nine spaces on the block closest to the Boardwalk, two on the north side of Rehoboth Avenue just east of 1st Street, and one on the north side of Rehoboth Avenue just east of 2nd Street,

    b. Two Accessible Parking Spaces are on the south side of Rehoboth Avenue just west of 2nd Street.

    c. On the block abutting Rehoboth Avenue that is formed by Lake Avenue (which intersects with the north side of Rehoboth Avenue, just east of 4th Street), Rehoboth

Avenue, and 3rd Street, there are three Accessible Parking Spaces on Lake Avenue between 4th Street and 3rd Street.

d. The perimeter of the block formed by the Boardwalk, Baltimore Avenue, 1st Street, and Rehoboth Avenue has two Accessible Parking Spaces on Baltimore Avenue between 1st Street and the Boardwalk.

26. The distance from the Boardwalk to 2nd Street is approximately 1,521 feet. The distance from the Traffic Circle to the spaces on Rehoboth Avenue adjacent to 2nd Street is approximately 2,352 feet. The distance from the Traffic Circle to the first space on Lake Avenue, which is the closest accessible space to the Traffic Circle, is approximately 1,211 feet.

27. The following chart shows the total number of parking spaces on each block that abuts Rehoboth Avenue between the Boardwalk and the Traffic Circle, the number of Accessible Parking Spaces on each block the number of shops and restaurants on the block, and for each block that has no Accessible Parking Space the distance from the western end of the block to the nearest Accessible Parking Space.

| Block Perimeter | Distance from western end of block on Rehoboth Avenue to nearest Accessible Parking Space | Approximate Total Parking Spaces | Accessible Parking Spaces | Approximate Shops and Restaurants on Block Perimeter |
|---|---|---|---|---|
| Traffic Circle to 5th Street (South | 1,217 feet | 15 | 0 | 2 |

| | | | | |
|---|---|---|---|---|
| Side of Rehoboth Ave.) | | | | |
| Traffic Circle to 5th Street (North Side of Rehoboth Ave.) | 1,205 feet | 8 | 0 | 1 |
| 5th Street to 4th Street (South Side of Rehoboth Ave.) | 637 feet | 42 | 0 | 2 |
| 5th Street to 4th Street (North Side of Rehoboth Ave.) | 641 feet | 43 | 0 | 1 |
| 4th Street to 3rd Street (South side of Rehoboth Ave.) | 123 feet | 134 | 0 | 2 |
| 4th Street to 3rd Street (North side of Rehoboth Ave.) | | 70 | 3 | 11 |
| 3rd Street to 2nd Street (South side of Rehoboth Ave.) | | 56 | 2 | 2 |
| 3rd Street to 2nd Street (North side of Rehoboth Ave.) | 204 feet | 33 | 0 | 1 |

| | | | | |
|---|---|---|---|---|
| 2nd Street to 1st Street (South side of Rehoboth Ave.) | 130 feet | 141 | 0 | 15 |
| 2nd Street to 1st Street (North side of Rehoboth Ave.) | | 132 | 1 | 19 |
| 1st Street to Boardwalk (South side of Rehoboth Ave.) | | 134 | 5 | 18 |
| 1st Street to Boardwalk (North side of Rehoboth Ave.) | | 144 | 8 | 15 |

**CLAIM FOR RELIEF**

**AMERICANS WITH DISABILITIES ACT**

**(42 U.S.C. 12131 §** *et seq.***)**

28. The ADA was enacted "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities .… in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. § 12101(b).

29. Title II of the ADA applies to state and local governments. 42 U.S.C. § 12131.

30. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services,

8

programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

31. In accordance with the United States Department of Justice implementing regulations for Title II of the ADA, on-street parking is subject to the ADA accessibility requirements:

    a. The regulations provide that no individual "shall, because a public entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a public entity." 28 C.F.R. 35.149.

    b. They define "facility" to include "all or any portion of… roads, walks, passageways, [and] parking lots." 28 C.F.R. 35.104.  On-street parking is a portion of a road.

    c. They require public entities to "operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. 35.150(a).

32. The City's services and programs to the public include providing and maintaining public on-street parking.

33. The U.S. Access Board, an independent federal agency established by Section 502 of the Rehabilitation Act of 1973, has developed the "Public Rights-of-Way Accessibility Guidelines" ("PROWAG") which provide guidance regarding on-street parking.

34. The Delaware Department of Transportation "Pedestrian Accessibility Standards for Facilities in the Public Right of Way" manual incorporated the PROWAG as developed by the U.S. Access Board.

35. PROWAG states that "where on-street parking is provided on the block perimeter and the parking is marked or metered," a block with 1-25 total parking spaces must provide one accessible parking space, blocks with 26-50 total parking spaces are required to have two accessible parking spaces, 51 to 75 total parking spaces are required to have three accessible parking spaces, 76 to 100 total parking spaces are required to have four accessible parking spaces, 101 to 150 total parking spaces are required to have five accessible parking spaces, 151 to 200 total parking spaces are required to have six accessible parking spaces, and 201 and over total parking spaces are required to have four percent of the total spaces be accessible.

36. The City fails to provide and maintain public on-street parking that is readily accessible to and usable by individuals with disabilities.

37. The ADA's broad statutory and regulatory mandate for accessibility requires public entities to make street parking accessible.

38. Defendant City's actions and failures to act discriminate on the basis of disability in violation of the ADA by denying individuals with disabilities meaningful access to on-street parking. When individuals with disabilities are denied the use of a city's on-street parking because there are not enough individual parking spots accessible to individuals with disabilities and the available spaces are not appropriately located, those individuals are "excluded from" and "denied the benefits of" the "services, programs, or activities of a public entity" and "subjected to discrimination by [the entity]." 42 U.S.C. 12132.

## REQUEST FOR RELIEF

39. Wherefore, Plaintiffs request that this Court enter an order against Defendant City, as follows:

a. Declare that Defendant City's policies, practices, acts, and omissions violate the ADA;

b. Direct Defendant City to:

   i. Provide one Accessible Parking Space on the perimeter of the block that abuts the south side of Rehoboth Avenue between the traffic circle and 5th Street on, one Accessible Parking Space on the perimeter of the block that abuts the north side of Rehoboth Avenue between the traffic circle and 5th Street, two Accessible Parking Spaces on the perimeter of the block that abuts the south side of Rehoboth Avenue between the traffic circle and 5th Street, two Accessible Parking Spaces on the perimeter of the block that abuts the north side of Rehoboth Avenue between 5th Street and 4th Street on the north side of Rehoboth Avenue, five Accessible Parking Spaces on the block that abuts the south side of Rehoboth Avenue between 4th Street and 3rd Street, two Accessible Parking Spaces on the block that abuts the north side of Rehoboth Avenue between the 3rd Street and 2nd Street, five Accessible Parking Spaces on the block that abuts the south side of Rehoboth Avenue between 2nd Street and 1st Street, and four Accessible Parking Spaces on the block that abuts the north side of Rehoboth Avenue between the 2nd Street and 1st Street.

   ii. Make at least one Accessible Parking Space a Van Accessible Parking Space in the following locations: on one of the blocks that abuts Rehoboth Avenue between the traffic circle and 4th Street, on one of the

       blocks that abuts Rehoboth Avenue between 4th Street and 2nd Street, on one of the blocks that abuts Rehoboth Avenue between 2nd Street and 1st Street, and on one of the blocks that abuts Rehoboth Avenue between 1st Street and the Boardwalk.

c. Award Plaintiffs cost of this action and reasonable attorneys' fees pursuant to 29 U.S.C. § 794a; 42 U.S.C. §§ 1988, 12133, and 12205.

d. Award such other and further relief as the Court deems to be just and equitable.

/s/Richard H. Morse
Anthony M. Sierzega (No. 6618)
Richard H. Morse (No. 531)
Community Legal Aid Society, Inc.
100 West 10th Street, Suite 801
Wilmington, Delaware 19801
(302) 856-3742
tsierzega@declasi.org
rmorse@declasi.org
Attorneys for Plaintiffs

Dated: April 12, 2021